928 So.2d 571 (2006)
Rose Marie FAGAN
v.
Michelle LEBLANC, D.D.S., Sue LeBlanc, D.D.S.
No. 2004 CA 2743.
Court of Appeal of Louisiana, First Circuit.
February 10, 2006.
*572 Thomas J. Hogan, Jr., Hammond, for Plaintiff-Appellant Rose Marie Fagan.
John A. Stewart, New Orleans, for Defendant-Appellee Michelle LeBlanc, D.D.S.
J. Michael Daly, Jr., New Orleans, for Defendant-Appellee Sue LeBlanc, D.D.S.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, Rose Marie Fagan challenges the trial court's judgment granting summary judgment in favor of Dr. Michelle LeBlanc and dismissing, with prejudice, her claim for damages. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Mrs. Fagan began treating with Dr. Michelle's mother, Dr. Sue LeBlanc, in 1988 and was diagnosed with Type III periodontal disease. According to the record, Mrs. Fagan refused to seek further treatment from a periodontal disease specialist as recommended by Dr. Sue. Mrs. Fagan's condition had not improved by the time she was seen by Dr. Michelle on January 28, 1998. Although Dr. Michelle recommended a comprehensive treatment plan for Mrs. Fagan at that time, Mrs. Fagan opted for emergency care only and was treated by Dr. Michelle on a limited basis over the next several months.
*573 In August 1998, Mrs. Fagan agreed to a comprehensive treatment plan, which Dr. Michelle performed over the next nine months. This treatment included the removal of all remaining teeth, with the exception of two teeth in the upper jaw and two in the lower jaw to be used as anchors for dentures. The final "zest" attachments were placed in Mrs. Fagan's remaining teeth and in her dentures in April 1999. However, over the next several months, Mrs. Fagan apparently failed to practice good oral hygiene, causing her four remaining teeth to deteriorate and become severely decayed. By October 2000, Mrs. Fagan was advised that her "zest" attachments had "extensive recurrent decay . . . that only fluoride and good oral hygiene could prevent." It was at that time that Mrs. Fagan requested a referral to an oral surgeon for implants.
According to the record, Mrs. Fagan's attorney referred her to Dr. Cecil Fruge, a general dentist. Dr. Fruge saw Mrs. Fagan on March 9, 2001, at which time Mrs. Fagan complained that her dentures were loose. Noting severe decay in Mrs. Fagan's four remaining teeth, Dr. Fruge opined that the teeth were not salvageable. Dr. Fruge agreed that good oral hygiene would have prevented the decay he saw in Mrs. Fagan's teeth. When asked about Mrs. Fagan's dentures, Dr. Fruge acknowledged that the dentures were made adequately and the placement of the posts in Mrs. Fagan's teeth looked adequate.
Dr. Fruge referred Mrs. Fagan to Dr. Michael Maginnis, a general dentist with a specialty in prosthodontics. Dr. Maginnis saw Mrs. Fagan on April 16, 2001, and concluded that the decay in her four remaining teeth were causing the dentures to fit improperly because they were not providing the support needed for the dentures. Dr. Maginnis indicated that Mrs. Fagan's four remaining teeth needed to be extracted and that she would need to be fitted for new dentures with implants at a cost of approximately $10,000.00. Dr. Maginnis opined that the procedure of using Mrs. Fagan's four remaining teeth as anchors for the "zest" attachments was a "very acceptable technique."
Alleging that her treatment by Drs. Sue and Michelle was substandard and that they failed to inform her of the risks associated with the treatment, Mrs. Fagan filed a complaint with the Patient Compensation Fund. On May 21, 2003, a medical review panel unanimously opined that the evidence did not support a finding that either Dr. Sue or Dr. Michelle had violated the standard of care for their specialty. The panel further found that educational brochures and clinical notes amply explained and supported the fact that Mrs. Fagan was advised of the risks and benefits of the procedure so that a reasonable person having that information would have made an informed decision.
Despite the panel's finding, Mrs. Fagan filed a petition for damages on June 26, 2003, naming Drs. Sue and Michelle as defendants.[1] Mrs. Fagan alleged negligence and/or breaches of duty by the defendants in the following non-exclusive ways: (1) failure to disclose the risks and hazards involved in the procedures performed by defendants; (2) failure to obtain plaintiff's informed consent prior to performing the procedures; and (3) failure to act within the degree of care and skill possessed by practitioners in the community.
*574 In response to Mrs. Fagan's petition for damages, Dr. Michelle filed an answer generally denying the allegations contained therein. Thereafter, on April 20, 2004, Dr. Michelle filed a motion for summary judgment alleging that there was no genuine issue of material fact and that she was entitled to judgment as a matter of law. Noting the absence of evidence in the record that would indicate she was negligent and/or committed malpractice in her treatment of Mrs. Fagan, Dr. Michelle asserted that Mrs. Fagan had failed to adequately support her claims, by way of required expert testimony, and that summary judgment was warranted. Attached to her motion for summary judgment were the following exhibits: (1) Dr. Michelle's deposition; (2) the affidavit of the attorney who chaired the medical review panel along with the opinions of the medical review panel and its written reasons; (3) the affidavit of one of the members of the medical review panel; (4) the deposition of Dr. Fruge; (5) the deposition of Dr. Maginnis; and (6) Mrs. Fagan's answers to the interrogatories propounded by Dr. Michelle. Mrs. Fagan failed to file an opposition to Dr. Michelle's motion for summary judgment.[2]
Dr. Michelle's motion for summary judgment proceeded to hearing on June 21, 2004. After hearing arguments from the parties and considering the law and evidence in the record, the court granted summary judgment, dismissing, with prejudice, Mrs. Fagan's claim for damages. A judgment in accordance with the court's findings was signed on June 25, 2004. It is from this judgment that Mrs. Fagan filed the instant appeal, arguing that the court erred in granting summary judgment in favor of Dr. Michelle.[3]

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Coop., Inc., 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., XXXX-XXXX, pp. 4-5 (La.App. 1 Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary *575 judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. Exxonmobile, XXXX-XXXX, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ernest v. Petroleum Service Corp., 2002-2482, p. 3 (La.App. 1 Cir. 11/19/03), 868 So.2d 96, 97, writ denied, XXXX-XXXX (La.2/20/04), 866 So.2d 830. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
The elements a plaintiff in a medical malpractice action is required to establish are statutorily defined as follows: (1) "The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances;"(2) "That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill;" and (3) "That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred." La. R.S. 9:2794(A). Summarizing, the plaintiff must establish the standard of care applicable to the doctor, a violation by the doctor of that standard of care, and a causal connection between the doctor's alleged negligence and the plaintiff's injuries resulting therefrom. Pfiffner v. Correa, 94-0924, p. 8 (La.10/17/94), 643 So.2d 1228, 1233.
To meet this burden of proof, the plaintiff generally is required to produce expert medical testimony. Lefort v. Venable, 93-2545, p. 4 (La.App. 1 Cir. 6/28/96), 676 So.2d 218, 220. Although the jurisprudence has recognized exceptions in instances of obvious negligence, these exceptions are limited to "instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can." Pfiffner, 94-0924 at 9, 643 So.2d at 1234; see also Coleman v. Deno, XXXX-XXXX, p. 20 (La.1/25/02), 813 So.2d 303, 317. The jurisprudence has thus recognized that "an expert witness is generally necessary as a matter of law to prove a medical malpractice claim." Williams v. Metro Home Health Care Agency, Inc., XXXX-XXXX, p. 5 (La.App. 4 Cir. 5/8/02), 817 So.2d 1224, 1228. Moreover, the jurisprudence has held that this requirement of producing expert medical testimony is especially apt when the defendants have filed summary judgment motions and supported such motions with expert opinion evidence that their treatment met the applicable *576 standard of care. Lee v. Wall, 31,468, p. 4, (La.App. 2 Cir. 1/20/99), 726 So.2d 1044, 1046-47.

DISCUSSION
The only expert evidence in the record before us is the deposition testimony of Drs. Fruge and Maginnis, both of whom saw Mrs. Fagan after her treatment with Drs. Sue and Michelle. Neither Dr. Fruge nor Dr. Maginnis found any want of care on the part of either Dr. Sue or Dr. Michelle. Rather, they both testified that the decay they observed in Mrs. Fagan's teeth was caused by her failure to practice good oral hygiene. Moreover, the three members of the medical review panel who considered the complaint filed by Mrs. Fagan with the Patient's Compensation Fund concluded that Drs. Sue and Michelle complied with the applicable standard of care, informed Mrs. Fagan of the risks associated with her treatment, and obtained her consent for the treatment rendered to her.
Following our exhaustive review of the record and based on the facts and circumstances of this case, we conclude that Dr. Michelle carried her burden of proof on the motion for summary judgment. In order to defeat the motion for summary judgment filed by Dr. Michelle, Mrs. Fagan was required to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial, i.e., that Dr. Michelle breached the applicable standard of care. As previously indicated, Mrs. Fagan filed no opposition to Dr. Michelle's motion for summary judgment. Additionally, there is no evidence in the record to support Mrs. Fagan's claim that Dr. Michelle breached the applicable standard of care she owed to Mrs. Fagan. Further, the evidence reveals that Dr. Michelle adequately explained the risks associated with treatment to Mrs. Fagan and that Mrs. Fagan made an informed decision to go forward with the treatment. Accordingly, Mrs. Fagan failed to meet her burden of proof. There was no genuine issue of material fact remaining as to Dr. Michelle's liability, and summary judgment in her favor was appropriate.

CONCLUSION
For the above and foregoing reasons, we find no error in the trial court's ruling granting Dr. Michelle LeBlanc's motion for summary judgment and dismissing Mrs. Fagan's suit. Thus, we affirm the judgment below and assess all costs associated with this appeal against Mrs. Fagan.
AFFIRMED.
NOTES
[1] Mrs. Fagan has separately appealed the trial court's judgment granting summary judgment in favor of Dr. Sue LeBlanc. See our published decision in Fagan v. LeBlanc, XXXX-XXXX (La.App. 1 Cir.), 928 So.2d 576, 2006 WL 305901 ("Fagan I"), also decided this same date.
[2] We note that on April 12, 2004, Mrs. Fagan filed an opposition to the motion for summary judgment filed by Dr. Sue on March 8, 2004. Attached to Mrs. Fagan's opposition was a document entitled "Possible Complications of Common Surgical Procedures," which outlines risks, as defined by the Louisiana Medical Disclosure Panel, that are required to be disclosed by physicians to patients. Mrs. Fagan's opposition and accompanying material appears in the instant record as well as in the appeal record in the companion case, Fagan I. Nonetheless, even if we were to consider the opposition filed by Mrs. Fagan in Fagan I in the instant case, our decision herein that summary judgment in favor of Dr. Michelle was warranted would remain the same.
[3] Mrs. Fagan filed identical briefs in this appeal and in Fagan I, assigning four specifications of error. However, three of the four errors assigned pertain solely to the appeal of the summary judgment in favor of Dr. Sue and, thus, will not be addressed in this appeal.