943 So.2d 374 (2006)
Theodore JOHNSON
v.
STATE of Louisiana DEPARTMENT OF SOCIAL SERVICES/Louisiana Rehabilitation Services.
No. 2005 CA 1597.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Rehearing Denied October 25, 2006.
*376 Theodore Johnson, Bogalusa, Plaintiff/Appellant Pro Se.
Paul St. Dizier, Baton Rouge, Counsel for Defendant/Appellee State of Louisiana, Department of Social Services, Louisiana Rehabilitation Services.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
KUHN, J.
Plaintiff-appellant, Theodore Johnson, appeals the trial court's judgment, dismissing his claims against defendant-appellee, the State of Louisiana, Louisiana Rehabilitation Services (LRS), which is administered by the Department of Social Services.[1] For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
In 1996, Johnson, a veteran rated with a 70% overall disability by the United States Veterans Affairs was determined eligible for services under 29 U.S.C.A. § 701 et seq., known as the Rehabilitation Act of 1973.[2] This Act authorizes grants to assist *377 states in operating statewide programs designed to assess, plan, develop, and provide vocational rehabilitation services for individuals with disabilities with the goal of preparing and enabling such individuals to engage in gainful employment.[3] Pursuant to the Act, LRS is required to provide information on developing a written individualized plan for employment (IPE) to each individual eligible for vocational rehabilitation services.[4]
LRS prepared an IPE for Johnson, in which he participated. The stated goal of the IPE was that Johnson would obtain employment as a paralegal and, in furtherance of this, he attended the University of New Orleans (UNO) where he successfully completed the paralegal program in May 1998. He subsequently requested additional funding to pursue a college degree at UNO in business administration, which LRS declined to fund because Johnson had failed to adhere to his IPE in that he did not attend an interview for a paralegal position that LRS had set up for him. Johnson nevertheless began attending UNO, apparently studying for a business administration degree, without financial assistance from LRS. Johnson again requested tuition assistance for his pursuit of a business administration degree, which LRS denied because Johnson had failed to maintain a 2.0 academic grade point average as required by LRS policy. Johnson then requested a due process hearing to review LRS's denial,[5] urging that other qualified applicants had been given tuition assistance although they did not have the requisite 2.0 grade point average. The hearing officer upheld the decision of LRS, and Johnson sought an administrative review with the secretary of the Department of Social Services,[6] who likewise upheld LRS's denial of additional funding for a business administration degree. Johnson subsequently filed a civil action in district court.[7]
According to the allegations of his pleading, Johnson's petition "is a civil action for review of a final decision of [LRS]." He particularly seeks monetary damages in accordance with 29 U.S.C.A. § 794, which proscribes discrimination against a qualified individual with a disability in the dispensation of benefits. Johnson filed a motion for summary judgment, which the trial court denied. The trial court then addressed the merits of his claims and dismissed Johnson's petition. This appeal by Johnson follows.
On appeal, Johnson complains that the trial court erred by addressing the merits of his claims at the summary judgment hearing, asserting that he received insufficient notice of the trial on the merits. He also urges that the trial court applied an incorrect standard to review his claim, which, he asserts, is not a request for a judicial review of LRS's action but rather a claim for damages.[8]

*378 SUFFICIENCY OF NOTICE OF TRIAL ON MERITS
Louisiana Code of Civil procedure article 966 D provides, "The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial." Thus, according to the plain language of Article 966 D, the ten-day requirement addresses those instances where judgment on the motion is rendered, i.e., summary judgment is granted. See e.g., Lassere v. State, Dep't of Health & Hosp., Office of Public Health, XXXX-XXXX (La.App. 1st Cir.3/28/01), 808 So.2d 513. This requirement prevents the parties from being burdened with unnecessary trial preparation. Lassere, XXXX-XXXX at p. 6, 808 So.2d at 517.
Johnson asserts the trial court erred when it proceeded to the trial on the merits at the hearing on his motion for summary judgment without waiting ten days between its denial of his motion and the commencement of the trial on the merits. But at the summary judgment hearing, when the trial judge asked Johnson if he would like to argue the merits of his case, he stated, "Yes, sir." He neither objected to the trial court's action of addressing the merits of his claims nor requested a continuance. Johnson has not alleged any prejudice, and we have found none. Because Johnson's motion for summary judgment was denied and he was not burdened with unnecessary trial preparation, we conclude that the trial court's action of addressing the merits of his case immediately after the denial does not warrant a reversal of the judgment on the merits.

REHABILITATION ACT CLAIMS
Plaintiff claims that LRS violated 29 U.S.C.A. § 794(a), which states in pertinent part:
No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . .
To be entitled to compensatory damages under the Rehabilitation Act, a plaintiff must prove the defendant intentionally discriminated against him on the basis of his disability. Swenson v. Lincoln County Sch. Dist. No. 2, 260 F.Supp.2d 1136, 1145 (D.Wyo.2003).
Section 722 of Title 29 of the United States Code requires States participating in the provision of vocational rehabilitation services under the Rehabilitation Act to establish procedures for mediation and review of determinations made by personnel of the designated State unit that affect applicants or eligible individuals. 29 U.S.C.A. § 722(c)(1); Reaves, 422 F.3d at 680. If an eligible individual disagrees with a decision made under this section, there is a private right of action under § 722(c)(5)(J)(i), but it is available only to a "party aggrieved by a final decision" in the administrative proceedings described in § 722(c). 29 U.S.C.A. § 722(c)(5)(J)(i). Thus, an individual must exhaust certain administrative remedies under § 722(c)(5) before filing suit. See Baumeister v. New Mexico Commission for the Blind, 425 F.Supp.2d 1250 (D.N.M.2006). Once exhausted, the court may then review the records, hear additional evidence, and grant such relief as the court determines to be appropriate. Id.
According to 29 U.S.C.A. § 722(c)(5)(J), entitled "Civil Action":
(i) In general

*379 Any party aggrieved by a final decision [of a due process hearing or an impartial review by chief official designated by the State] may bring a civil action for review of such decision. The action may be brought in any State court of competent jurisdiction or in a district court of the United States of competent jurisdiction without regard to the amount in controversy.
(ii) Procedure
In any action brought under this subparagraph, the court 
(I) shall receive the records relating to the hearing under subparagraph (A) and the records relating to the [impartial review by the chief official designated by the State], if applicable;
(II) shall hear additional evidence at the request of a party to the action; and
(III) basing the decision of the court on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate.
See also La. Admin. Code, tit. 67, part VII, § 107(E):
Under an application of the statutory standard set forth under 29 U.S.C.A. § 722(c)(5)(J)(ii) and La. Admin. Code, tit. 67, part VII, § 107(E), the reviewing court should determine whether the agency's decision is supported by a preponderance of the evidence, giving "due weight" to the conclusions reached in the State's due process hearing. This "rather unusual statutory standard" is more deferential than de novo review, and requires the trial court to refrain from substitution of its own notions of sound policy for those of the state authorities. See Reaves, 422 F.3d at 681.
Mindful that Johnson specifically prayed only for "damages, special damages" in both his original and amended petition, and on appeal has reiterated that his claim is one for money damages, it is likely the reference in his petition to a "civil action for review of a final decision of the [LRS]" is simply an indication that he has exhausted administrative remedies. This is reinforced by his lack of appellate assertions challenging the trial court's disposition of judicial review of LRS's action. But to the extent that Johnson's petition alleged a cause of action for judicial review of LRS's final decision, we find no error in the trial court's dismissal of that claim. Johnson did not request the trial court to "hear additional evidence" as permitted under 29 U.S.C.A. § 722(c)(5)(J)(ii)(II) and La. Admin. Code, tit. 67, part VII, § 107(E)(2). And on appeal, while Johnson notes that under the correct statutory standard a party may request that additional evidence be heard in the civil action, he neither specifies the additional evidence the trial court refused to hear nor asserts entitlement to have additional evidence heard. Johnson has correctly pointed out that the trial court's application of the Louisiana Administrative Procedures Act to a claim for administrative review of LRS's action of denying him additional tuition assistance to pursue a business administration degree was error. In particular, we note that La. R.S. 49:964 E of the Louisiana Administrative Procedures Act permits the trial court to receive additional evidence if it is shown that the evidence is material and there were good reasons for the failure to present it in the proceeding before the agency, which is clearly a more restrictive provision than that under 29 U.S.C.A. § 722(c)(5)(J)(ii)(II) and La. Admin. Code, tit. 67, part VII, § 107(E)(2) allowing a party to have additional evidence heard at his "request." Despite the trial court's failure to apply the proper statutory procedural standards, because Johnson did not request to present additional evidence be heard, and since under both standards deference is owed to the *380 agency,[9] our de novo application of the correct statutory standard yields the same result. Thus, any claim for judicial review Johnson asserted was correctly dismissed.
We turn now to a review of the propriety of the trial court's dismissal of Johnson's claim for damages under 29 U.S.C.A. § 794. We likewise find the correct statutory standard for disposition of an action under § 794 is that enunciated in 29 U.S.C.A. § 722(c)(5)(J)(ii) and La. Admin. Code, tit. 67, part VII, § 107(E). See Baumeister, 425 F.Supp.2d at 1257. The trial court's failure to apply that standard to Johnson's claim for damages was legal error. See Evans v. Lungrin, 97-0541, p. 9 (La.2/6/98), 708 So.2d 731, 736. Insofar as his claim for damages under § 794, like the claim for judicial review, Johnson did not request that the trial court consider additional evidence and, on appeal, has not suggested either error with the denial of an opportunity to have additional evidence heard or asserted to this court that he has additional evidence to present. Indeed, by filing a motion for summary judgment, Johnson indicated that the record contained sufficient evidence to establish a prima facie case of entitlement to damages under § 794. Thus, in our appellate review, we examine Johnson's entitlement to damages de novo, applying the correct statutory standard, i.e., that enunciated in 29 U.S.C.A. § 722(c)(5)(J)(ii) and La. Admin. Code, tit. 67, part VII, § 107(E).
Johnson urges that LRS discriminated against him by failing to provide an accommodation to its policy of providing tuition to those students who earn a minimum grade point average of 2.0. He points to LRS's response to an interrogatory indicating that exceptions to the 2.0 minimum grade point average have been made on a case-by-case basis.
To state a claim for relief under § 794, Johnson had to prove that (1) he is a "handicapped individual" under the Act, (2) he is "otherwise qualified" for the benefit sought, (3) he was discriminated against solely by reason of his handicap, and (4) the program or activity in question receives federal financial assistance. See Baumeister, 425 F.Supp.2d at 1259. Johnson has failed to prove that he was "otherwise qualified" for the benefits sought or that he was discriminated against "solely by reason" of his handicap.
Section 794 proscribes discrimination between the non-handicapped and the "otherwise qualified" handicapped. Baumeister *381 425 F.Supp.2d at 1270. To recover, Johnson had to demonstrate that he was denied services guaranteed to him by the Rehabilitation Act, and that, in spite of his disability, he was "otherwise qualified" to receive the denied services. Id. In other words, Johnson had to prove that if he is otherwise qualified, he can "meet all of [the] program's requirements in spite of [his] handicap." This is simply not the case. LRS has a statutory duty to provide vocational training and related services to handicapped persons; Johnson is entitled to such services because he is handicapped. See Baumeister, 425 F.Supp.2d at 1266.
"Otherwise qualified" means that were he not handicapped, Johnson would have qualified for the program or benefits he was denied because of his handicap. Johnson is not otherwise qualified because, absent his handicap, he would not have been eligible for the benefits in the first place. See Baumeister, 425 F.Supp.2d at 1260. Without a showing that the non-handicapped received the services denied to the "otherwise qualified" handicapped, Johnson has not proven his entitlement to damages under § 794. Id. Johnson is entitled to LRS's services only because he is handicapped. Since Johnson is not "otherwise qualified" to receive the vocational rehabilitation services denied to him because of the alleged discrimination, he has failed to establish entitlement to damages under § 794. Having failed to establish entitlement to a reversal of LRS's denial of his request for tuition assistance to obtain a business administrative degree or for damages under § 794, despite the trial court's application of the incorrect statutory procedural standards, Johnson's claims were properly dismissed.

DECREE
For these reasons, we affirm the trial court's judgment dismissing Johnson's claims. Appeal costs are assessed against plaintiff-appellant, Theodore Johnson.[10]
AFFIRMED.
GUIDRY, J., concurs.
NOTES
[1] See La. R.S. 46:2102; La. Admin. Code tit. 67, part VII, § 101.
[2] Johnson has multiple diagnoses of status post dislocation of his left hip with Sciatic Palsy and Asceptic Necrosis and status post fracture of the left femur and arthritic spondylosis of the back.
[3] See 29 U.S.C.A. §§ 720-751; Reaves v. Missouri Dep't of Elementary & Secondary Educ., 422 F.3d 675, 680 (8th Cir.2005).
[4] See 29 U.S.C.A. § 722(b)(1), (2)(A); La. Admin. Code, tit. 67, part VII, § 111.
[5] See 29 U.S.C.A. § 722(C); La. Admin. Code tit. 67, part VII, § 107(C).
[6] See 29 U.S.C.A. § 722(C)(5)(D); La. Admin. Code tit. 67, part VII, § 107(D).
[7] Johnson initially filed his civil action in federal court but the action was dismissed.
[8] Although Johnson styled his assignment of error as a challenge of the trial court's ruling denying his motion for summary judgment, because an appeal does not lie from the trial court's refusal to render summary judgment, see La. C.C.P. art. 968, we address the substance of his complaint as part of his right to appeal a final judgment. See La. C.C.P. art. 2083.
[9] Under the Louisiana Administrative Procedures Act, La. R.S. 49:964 G:

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
[10] Although Johnson filed this lawsuit in forma pauperis, because he was an unsuccessful litigant appeal costs may be assessed against him. See Benjamin v. Nat'l Super Markets, Inc., 351 So.2d 138 (La.1977).