STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1027


CHARLES M. HILL, JR.

VERSUS

CONNIE YVONNE HILL


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 221,952
HONORABLE GEORGE CLARENCE METOYER, JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


REVERSED AND RENDERED.




Randal Bryan Tannehill
Tannehill & Sylvester
2900 Military Highway
Pineville, LA 71360
(318) 641-1550
Counsel for Plaintiff/Appellant:
Charles M. Hill, Jr.

Connie Yvonne Hill
In Proper Person
4325 Clubhouse Drive, Apt. F-7
Alexandria, LA 71301
(318) 481-9938

**EZELL, JUDGE.**

In this appeal, Charles Hill appeals the decision of the trial court, designating Connie Hill as domiciliary parent of their children. For the following reasons, we reverse the decision of the trial court and render judgment.

On November 29, 2004, during custody proceedings surrounding their divorce, Mr. and Ms. Hill were awarded joint custody of their two children, Christian and Elizabeth. Ms. Hill was designated as the primary custodial parent. Mr. Hill was awarded visitation and ordered to pay child support. On February 3, 2006, Mr. Hill filed an exparte rule to change custody based on allegations of drug use by Ms. Hill. That day, an order was signed by the trial court awarding him temporary sole custody of the children, pending a hearing on his request to become the children's domiciliary parent. That same month, an order terminating his child support obligation was signed. Trial on the custody was delayed while Ms. Hill allegedly checked herself into a drug rehabilitation program.

On April 3, 2006, trial was held on Mr. Hill's motion to become domiciliary parent. The trial court allowed the children to stay with Mr. Hill through the 2005-2006 school year. The parents were to alternate weeks with the children during the summer, and Ms. Hill was to again become the primary custodial parent at the start of the 2006-2007 school year. Child support was granted to Ms. Hill at a pro-rated amount during the summer, and at the previously awarded amount of $1,335 per month during the 2006 school year. From this decision, Mr. Hill appeals. Ms. Hill represented herself at trial and has not filed a brief on this appeal.

Mr. Hill asserts four assignments of error on appeal, concerning factual and evidentiary determinations made by the trial court in an effort to regain primary

1

domiciliary custody of the couple's daughter.[1] Because we agree that the trial court erred in granting Ms. Hill domiciliary custody of Elizabeth, we need not address each assignment of error individually.

Under La.Civ.Code art. 131, decisions regarding custody of the children are made with the best interest of the child being paramount. This court has clearly stated the standard of review for an appellate court in child custody matters. "The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion." *Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365.

In *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986), the Louisiana Supreme Court articulated the standard to be used when a modification of a considered custody decree is sought. The court stated that:

> When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

*Id*. at 1200 (citations omitted).

It is undisputed that the original custody decree rendered in this matter was a considered decree; therefore, the *Bergeron* standard is applicable. However, it is clear from the record that Mr. Hill met this heavy burden, and that the trial court abused its discretion in allowing the children to go back to Ms. Hill at this point in

---

[1]After the rendition of the judgment at issue in this appeal, Mr. And Ms. Hill entered into a voluntary consent agreement whereby Mr. Hill was designated as domiciliary parent of their son, Christian. Because this renders the portion of this appeal dealing with his custody moot, we will only address the custody of their daughter, Elizabeth.

time.

Most damningly to Ms. Hill, allegations were made at trial that she had been using methamphetamines. Ms. Hill had previously been ordered by the court to undergo hair analysis drug testing due to these allegations of methamphetamine use. She failed to submit to this court-ordered test. Additionally, the hearing had been delayed because she had agreed to voluntarily undergo drug rehabilitation. There is no evidence in the record whatsoever that this rehabilitation ever took place. Ms. Hill self-servingly asserts that she does not have a drug problem. The fact that she volunteered to enter drug rehabilitation indicates otherwise. The record establishes that Ms. Hill has, or at least, very recently had, a problem with methamphetamine use. She has not shown that she has rectified this problem. Therefore, to allow her domiciliary custody of Elizabeth without proof that she is clean would clearly be deleterious to the child.

Furthermore, Ms. Hill was ordered, in the original custody decree, to refrain from having overnight male visitors in the presence of the children. She violated this direct order of the court by allowing her boyfriend, Tommy Gaspard, to spend the night at her house while her daughter was home. Moreover, Ms. Hill basically admitted that she lied on her pauper affidavit, claiming her two children as dependants while they lived with their father with no support from her. She claimed Mr. Gaspard's child as a dependant on the affidavit as well, listing him as a stepson. All the while, she denied that Mr. Gaspard was truly her boyfriend. Her credibility is, at best, suspect.

Finally, although his custody is no longer before this court, her handling of Christian is also indicative of the instability in the environment created by Ms. Hill. In the fall of 2005, after alleged threats by her then ten-year-old son to kill her

3

boyfriend, Ms. Hill checked Christian into a mental hospital without any notice given to Mr. Hill. He was unaware of this incident until Christian was able to find a phone and call his father from the hospital. Because she alone checked him into the hospital, Mr. Hill was unable to get his child out of the hospital until four days later. Ms. Hill then sent Christian to live with his father. Then, after seeking and regaining custody of Christian in the matter at hand, Ms. Hill has yet again given up on an attempt to have him live with her, voluntarily allowing Mr. Hill to have domiciliary custody of him. Her radically inconsistent treatment and handling of her son is but another sign of her imbalance.

The record is full of indications that the best interest of the child lay in the secure environment that is presented by Mr. Hill, as opposed to the, at best, unstable environment created by Ms. Hill. At the time of trial, Ms. Hill had been employed for only one week. That employment was only part time. Just prior to trial, Ms. Hill had been bouncing from hotel to hotel, having no stable place for her children to call home. Although she has since found an apartment, she offered no evidence as to the permanence of this situation. Furthermore, because Elizabeth was living with Mr. Hill since December of 2005 --- part of this time includes months under the *ex parte* temporary sole custody order of the court --- there would have been no change of environment to create harm to the child before the decision of the trial court. It is clear that the advantages to Elizabeth that lie in living with her father substantially outweigh any disadvantages created by making permanent the custody arrangement set out in the temporary custody order.

Ms. Hill clearly loves her children and truly wants custody of Elizabeth. Should she become stable and clearly drug free, she could seek to regain custody of Elizabeth. However, it is clear from the record that, at this time, the best interest of

4

Elizabeth lays in the stable environment created by Mr. Hill. Without effective proof that Ms. Hill is drug free, as ordered by the trial court, to allow her custody of Elizabeth would be deleterious to the child. The benefits derived by allowing Elizabeth to live with Mr. Hill clearly outweigh any potential harm done to her, especially since she had been living with her father up to the time of the trial. The trial court erred in finding otherwise.

For the above reasons, the decision of the trial court is reversed. Judgment is hereby rendered, naming Charles Hill as the domiciliary parent of Elizabeth Hill. Charles Hill's child support obligations are hereby terminated. Costs of this appeal are assessed against Ms. Hill.[2]

**REVERSED AND RENDERED.**

---

[2]Although Ms. Hill filed this lawsuit in forma pauperis, because she was an unsuccessful litigant appeal costs may be assessed against her. *See Johnson v. State, Dep't. of Soc. Servs.*, 05-1597 (La.App. 1 Cir. 6/9/06), ___So.2d___.