NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-1163

TRINA M. SMITH

VERSUS

STEVEN WAYNE SMITH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 67,488, DIVISION-B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

William Mitchell Redd
Liles & Redd
P.O. Box 3717
Lake Charles, LA 70602-3717
(337) 433-8529
Counsel for Defendant/Appellant:
Steven Wayne Smith

**Trina M. Smith**
**In Proper Person**
**117 Helen Street**
**Westlake, LA 70669**
**Plaintiff/Appellee:**
**Trina M. Smith**

**Trina M. Smith**
**In Proper Person**
**117 Helen Street**
**Westlake, LA 70669**
**Plaintiff/Appellee:**
**Trina M. Smith**

**EZELL, JUDGE.**

In this matter, Steven Smith appeals the decision of the trial court allowing his ex-wife, now Trina Chaney, to retain domiciliary custody of their son, Zachary. For the following reasons, we affirm the decision of the trial court.

Mr. Smith was married to Mrs. Chaney in October of 1995. The couple had one child, Zachary. A judgment of divorce was signed terminating the couple's marriage in January of 2002. By considered decree also rendered in 2002, Mr. Smith and Mrs. Chaney were granted joint custody of Zachary with Mrs. Chaney named as domiciliary custodian.

On April 4, 2006, Mrs. Chaney was cited and arrested for driving while intoxicated and child endangerment after driving while drunk with Zachary and her two children with her current husband, Eric Chaney, in the vehicle. Mr. Smith immediately filed a successful motion for temporary custody of Zachary. Zachary remained in the custody of Mr. Smith until May, 2006, when the temporary custody order was rescinded and custody returned to Mrs. Chaney. Mrs. Chaney entered the pre-trial diversion program wherein she was subject to random drug testing, completed substance abuse and safe driver courses, sixty-four hours of community service, and twelve months probation.

In November of 2006, after Mrs. Chaney had completed her substance abuse program, she was involved in fisticuffs with her sister-in-law in front of Zachary after an argument with her current husband. Mr. Smith then sought to change the custody order, alleging that Mrs. Chaney had displayed a pattern of alcohol abuse that was endangering his child and that Zachary's best interests lay in him being domiciliary custodian. After trial on the merits, the trial court disagreed with Mr. Smith, maintaining Mrs. Chaney as primary domiciliary custodian. However, the trial court

1

did order that Mr. Smith be named a co-domiciliary to facilitate easier access to school records and to allow him to pick up Zachary from school without prior notice from Mrs. Chaney. The trial court also ordered that both parties refrain from drinking prior to, or during, the transporting of Zachary and that Mrs. Chaney submit herself for further evaluation and treatment, if necessary, from the Addictive Disorders Clinic in Calcasieu Parish. From this decision, Mr. Smith appeals.

Mr. Smith asserts one assignment of error on appeal, that the trial court erred in its decision, as he claims the decision is not supported by the evidence. We disagree.

In brief, Mr. Smith relies heavily on our opinion in *Hill v. Hill,* 06-1027 (La.App. 3 Cir. 12/6/06), 944 So.2d 873. In that opinion, we noted:

> Under La.Civ. Code art. 131, decisions regarding custody of the children are made with the best interest of the child being paramount. This court has clearly stated the standard of review for an appellate court in child custody matters. "The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion." *Hawthorne v. Hawthorne*, 96-89, p. 12 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96-1650 (La. 10/25/96), 681 So.2d 365.
>
> In *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986), the Louisiana Supreme Court articulated the standard to be used when a modification of a considered custody decree is sought. The court stated that:
>
>> When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.
>
> *Id*. at 1200 (citations omitted).

*Id.* at 874-75.

2

In this case, as in *Hill*, the original custody decree rendered in this matter was a considered decree; therefore, the *Bergeron* standard is applicable. However, as this case is clearly factually distinguishable from *Hill*, Mr. Smith's reliance upon it is incorrect.

In *Hill*, the mother was addicted to methamphetamine and continued to use of the drug despite court orders to submit to drug testing, which she summarily ignored. She failed to follow the court's orders in any way, and the record contained no evidence whatsoever of rehabilitation. Additionally, she further disobeyed direct orders from the trial court in that matter by allowing overnight visitors, lied under oath on her pauper affidavit, was radically inconsistent in her treatment of her child, and even checked her ten-year-old son into a mental health facility without any notice to the father, leaving the child there and the father no means of extricating the child from the hospital even after his discovery of the situation. Therefore, while the drug use played a major role in our decision in *Hill*, it was but one of many factors.

In this matter however, the record in no way establishes the level of addiction at play in *Hill*. Though driving while intoxicated with children in the car is an unbelievable failure of judgment, unlike the mother in *Hill*, Mrs. Chaney successfully completed her court ordered substance abuse programs and clearly showed regret for her actions, stating that she had learned a hard lesson. Mr. Smith points to the altercation between Mrs. Chaney and her sister-in-law as further evidence of a drinking problem. However, the testimony on record establishes that, although the argument with her husband started over her having had one drink earlier in the day, Mrs. Chaney was not intoxicated at the time of the melee, and the details of the fight remain unclear, as conflicting testimony existed, and charges were dropped by both sides.

Moreover, the trial court addressed any remaining concerns about Mrs. Chaney's drinking by ordering her to undergo further evaluation by the Addictive Disorders Clinic and ordering her to undergo any treatment they may recommend. This order has not been challenged by Mrs. Chaney and must be followed by her. Should she disobey this order of the trial court, Mr. Smith's argument that this case resembles *Hill* would gain considerable strength in any future custody disputes. Furthermore, the results of the evaluation are to go to Mr. Smith's attorney, allowing him to re-visit the issue if the clinic finds Mrs. Chaney to be a substance abuser or if she fails, in any way, to follow any treatment they may prescribe for her.

Otherwise, none of the other problems arising in *Hill* exist in this case, and the record establishes that, other than the incredibly nonsensical DWI incident, Mrs. Chaney is a good parent to her children. Furthermore, after noting that Zachary's teachers and family testified that he was doing well in school, that he was in the enrichment program, and got along well with his step-siblings, the trial court ruled that Mr. Smith simply had not overcome the heavy burden placed on him under *Bergeron*. While Mr. Smith's concern for his child's well-being is understandable and sincere, there is nothing in the record which indicated this finding to be an abuse of the trial court's discretion.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Smith.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Court of Appeals. Rule 2-16.3.

4