LIVINGSTON S. HIERN, INDIVIDUALLY, AND ON BEHALF OF HOUSEMASTER CORPORATION
v.
CHRISTOPHER A. SARPY, A. LESTER SARPY, ACME MORTGAGE COMPANY, L.L.C., ABC INSURANCE COMPANY, DEF INSURANCE COMPANY, AND XYZ INSURANCE COMPANY
No. 2009 CA 0608.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
ALEX J. PERAGINE, ERIN F. LAORIO, Counsel for Plaintiff/Appellant, Livingston S. Hiern, individually and on behalf of Housemaster Corporation.
THOMAS H. HUVAL, STEPHEN C. AERTHER, JR., CHRISTIAN A. SHOFSTAHAL, Counsel for Defendants/Appellees, Christopher A. Sarpy, A. Lester Sarpy and Acme Mortgage Company, L.L.C.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WHIPPLE, J.
This matter is before us on appeal by plaintiff, Livingston S. Hiern, individually, and on behalf of Housemaster Corporation, from a judgment of the trial court maintaining defendants' exception of res judicata and dismissing plaintiffs' claims, with prejudice. Defendants, Christopher A. Sarpy, A. Lester Sarpy, and Acme Mortgage Company, L.L.C., filed an answer to the appeal challenging the trial court's denial of their motion for summary judgment.
For the following reasons, the judgment of the trial court is affirmed and the answer to appeal is denied.

FACTS AND PROCEDURAL HISTORY
Over the course of many years, plaintiff, Livingston S. Hiern, individually, and on behalf of Housemaster Corporation, financed numerous real estate acquisitions and developments through various lending companies owned and operated by defendants, A. Lester Sarpy and Christopher A. Sarpy, including Acme Mortgage Company.[1] A. Lester Sarpy served as Hiern's lawyer and banker in these transactions.
In 1994, Hiern, individually, and as president and sole shareholder of Housemaster Corporation, and on behalf of Housemaster Corporation, challenged his indebtedness to Sarpy and several mortgage and finance companies owned by Sarpy by filing suit in the United States District Court for the Eastern District of Louisiana against several defendants, including the defendants herein, under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. In the federal court suit, Hiern also asserted claims for legal malpractice, breach of fiduciary duty, contract fraud, breach of contract, tort fraud, unjust enrichment, securities fraud pursuant to LSA-R.S. 51:701, et seq. (Louisiana's Blue Sky Law), annulment of the sale of Lot 208 in Tall Timbers Subdivision, and damages. Particularly, Hiern alleged that Sarpy intentionally and fraudulently induced him into transferring ownership of the stock of Housemaster Corporation to Sarpy as collateral on certain loans, by promising Hiern that once the loans were paid off, the stock would be returned to him.[2] Hiern further contended that it was not until years later that Sarpy advised him that he would not be returning the shares of stock to Hiern.
On November 22, 1995, the parties entered into a "Settlement and Mutual Release Agreement" (hereinafter "the settlement agreement"), wherein, pursuant to the terms of the settlement agreement, the federal court suit was dismissed with prejudice. Also on November 22, 1995, Livingston and Doris Hiern, in their capacities as president and secretary-treasurer of Housemaster Corporation respectively, signed a corporate resolution authorizing and empowering Chris Sarpy to act for and on behalf of Housemaster Corporation for the purchase, sale, transfer, lease, assignment, mortgage and hypothecation of any property, real, personal, and mixed. The authority vested therein was to expire on December 31, 2025. Then, by letters also dated November 22, 1995, Livingston and Doris Hiern resigned as directors and officers of Housemaster Corporation effective the following day, November 23, 1995.
Despite the fact that he owned no shares of Housemaster stock, on July 8, 2005, Hiern nonetheless filed the instant suit for damages and declaratory judgment in the Twenty-Second Judicial District Court in St. Tammany Parish contending that pursuant to the settlement agreement, he was the president and sole shareholder of Housemaster, and that on April 17, 2000, Lester and Chris Sarpy filed an annual report and reinstatement for Housemaster with the Louisiana Secretary of State wherein they substituted themselves as President, Secretary/Treasurer, and registered agent for service of process for Housemaster Corporation in place of Hiern and his wife. Hiern alleged that after becoming officers of Housemaster, Lester and Chris Sarpy executed a partial dation en paiement on March 13, 2002, transferring ownership of immovable property owned by Housemaster, referred to as "the Highway 59 property," to Acme Mortgage in partial satisfaction of two promissory notes by Housemaster payable to the order of Acme Mortgage, which Hiern contended had been compromised by the agreement or had been fully satisfied and/or prescribed. Hiern further contended that Lester and Chris Sarpy held a Housemaster's Board-of-Directors meeting on March 13, 2002, at which time they passed resolutions granting Lester Sarpy authority to act on behalf of Housemaster and granting Elliot D. Sarpy authority to act on behalf of Acme Mortgage.
Accordingly, by his petition, Hiern sought: (1) general and special damages against Lester and Chris Sarpy and Acme Mortgage for unauthorized business interference, trespass, tortious and wrongful conversion of the Highway 59 property, and/or wrongful conversion of other corporate movable and immovable property, as well as unauthorized improvements to the Highway 59 property and misappropriation of income or benefits from lease or development of the Highway 59 property; (2) an order from the trial court declaring that any underlying debt of Housemaster to Acme Mortgage was compromised, satisfied, and/or prescribed, and that the partial dation en paiement is invalid and without effect; and (3) attorney's fees pursuant to paragraph seven of the settlement agreement for the defendants' alleged breach of the agreement. In response, the defendants filed inter alia, an answer, amending answer, various exceptions and a motion for summary judgment.[3]
On October 22, 2008, the matter was heard by the trial court. At the conclusion of the hearing, the trial court sustained the defendants' exception of res judicata and denied the defendants' exception of no right of action and motion for summary judgment as moot. A written judgment was signed by the trial court on November 6, 2008.
Plaintiff filed the instant appeal, contending that the trial court erred in sustaining the defendants' exception of res judicata where there has been no express adjudication as to the rightful sole ownership of Housemaster Corporation. The defendants filed an answer to appeal, contending that the trial court erred in denying their motion for summary judgment and their request for an award of attorney's fees pursuant to the settlement agreement.

DISCUSSION
A compromise,[4] as between the interested parties, has a force equal to the authority of the thing adjudged. Thus, a valid compromise may form the basis of a plea of res judicata. LSA-C.C. art. 3078; Leray v. Nissan Motor Corporation In U.S.A., 2005-2051 (La. App. 1st Cir. 11/3/06), 950 So. 2d 707, 709-710. The meaning and intent of the parties to a written instrument, including a compromise, is ordinarily determined from the instrument's four corners, and extrinsic evidence is inadmissible either to explain or to contradict the instrument's terms. Ortego v. State, Department of Transportation and Development, 96-1322 (La. 2/25/97), 689 So. 2d 1358, 1363. When a dispute arises as to the scope of a compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle. Ortego v. State, Department of Transportation and Development, 689 So. 2d at 1363-1364.
The doctrine of res judicata, as invoked in Louisiana, is provided by statutory mandate to occur under the following circumstances:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
LSA-R.S. 13:3241.
The party raising the objection of res judicata bears the burden of proving the essential facts to support the objection. Five N Company, L.L.C. v. Stewart, XXXX-XXXX (La. App. 1st Cir. 7/2/03), 850 So. 2d 51, 60. The doctrine of res judicata is not discretionary and mandates that final judgments be given effect. Diamond B Construction Company, Inc. v. Department of Transportation and Development, XXXX-XXXX (La. App. 1st Cir. 2/14/03), 845 So. 2d 429, 435. The doctrine, however, cannot be invoked unless all its essential elements are present. It is strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. Mandalay Oil & Gas, L.L.C. v. Energy Development Corporation, XXXX-XXXX (La. App. 1st Cir. 7/03/02), 867 So. 2d 709, 713.
In the "Definition" section of the settlement agreement at issue herein, "HIERN" is defined as "Livingston S. Hiern, Doris Dodd Hiern, HOUSEMASTER, NORTHERN HOMES, Glenn Hiern, Wendy Hiern, TIMBERWOOD CONSTRUCTION and TALL TIMBERS." Further, "SARPY" is defined as "A. Lester Sarpy, Sr., CANAL MORTGAGE, ACME MORTGAGE, and UNION HOMES." The settlement agreement defines "PLAINTIFFS" as "Livingston S. Hiern, individually and as president and sole shareholder of Housemaster Corporation, on behalf of Housemaster Corporation" and "DEFENDANTS" as "A. Lester Sarpy, Sr., Canal Mortgage & Finance Company, Inc., Acme Mortgage Company, Inc., Union Mortgage Company, Inc. and Union Homes, Inc."
Hiern argues on appeal that his identification in the definition section of the settlement agreement as "president and sole shareholder of Housemaster Corporation" clearly evidences that his underlying claim concerning the rightful ownership of Housemaster Corporation was resolved in his favor. Alternatively, Hiern contends that if the identification of him as such was in error, then, clearly, there was never an adjudication between the parties on this issue, and the application of res judicata is not appropriate.
The defendants counter that in the settlement agreement, Hiern completely released and discharged Sarpy from any and all claims and causes of action asserted in Hiern's underlying petition, including Hiern's claim that Sarpy fraudulently induced him into transferring all of the shares of Housemaster stock to Sarpy and that he was the rightful owner of Housemaster.
On review, we note that Hiern specifically alleged in his petition in the federal court suit that Sarpy intentionally and fraudulently induced him into transferring the stock of Housemaster Corporation to Sarpy collateral on certain loans, and that Sarpy promised him that once the loans were paid off, the stock would be returned to him. Thus, as to Hiern's alternative contention that there was never an adjudication of this issue between the parties, pursuant to the following language, the settlement agreement clearly provides that Hiern agreed to release Sarpy from ALL claims:
[Plaintiffs and Defendants] have agreed to resolve all issues, disputes, and disagreements between themselves, including, but not limited to, all claims which have been asserted or could have been asserted in THE LAWSUIT.[5]
* * * *
HIERN hereby fully, finally and completely releases and discharges SARPY of and from any and all claims and causes of action which may exist between or among them, including, but not limited to, those claims and causes of action set forth or which may have been set forth in THE LAWSUIT.
* * * *
PLAINTIFFS and DEFENDANTS instruct their respective attorneys to dismiss with full prejudice THE LAWSUIT.
Accordingly, to the extent that Hiern argues there was no adjudication of this claim, we disagree. The document reflects that in entering the settlement agreement, Hiern compromised this claim and "finally and completely release[d] and discharge[d]" defendants from this claim. Stated otherwise, because this cause of action was asserted in the original lawsuit, this claim is deemed to have been submitted for adjudication and is barred or merged by the compromise agreement.
As to Hiern's contention that the issue of ownership of the total shares of Housemaster Corporation was settled in his favor, because he was identified as the president and sole shareholder of Housemaster Corporation in the definition section of the agreement, the defendants argue that any such reference is erroneous in that, considering the contract as a whole, the body of the agreement is devoid of any suggestion or agreement that the Housemaster stock was to be returned to Hiern. The defendants further contend that Hiern could not produce any documentary evidence whatsoever to show that he was the owner of the Housemaster stock, and that this reference alone does not make him the owner of the stock. According to defendants, Hiern was identified as such in the settlement agreement because that was how he styled the petition he filed in federal court and how he appeared in those proceedings. The defendants further contend that the substantive terms of the settlement agreement, not the captioning therein, should control.
Moreover, to the extent that consideration of extrinsic evidence is necessary to determine the intent of the parties in the settlement, the defendants note that although Hiern was still named as the president of Housemaster on the date of the settlement, in connection with the settlement agreement, and as evidence of its terms, Hiern and his wife executed letters of resignation from their positions as officers and directors of Housemaster. The defendants argue that it is nonsensical that Hiern and his wife would sign resolutions authorizing and empowering Chris Sarpy to act for and on behalf of Housemaster Corporation and then resign as officers and directors of Housemaster simultaneously with the execution of the settlement agreement if, in fact, the terms of the agreement were that the shares of stock and ownership of Housemaster were returned to Hiern.
We agree. After careful review of the settlement agreement, we find no provision therein recognizing or setting forth that the total shares of Housemaster stock be transferred to Hiern. Further, we are not persuaded by the argument that Hiern's identification in the definition section of the agreement as president and sole owner of Housemaster, as his federal lawsuit was captioned, is sufficient, standing alone, to confect the transfer of or conveyance of 100 shares of stock in Housemaster Corporation to Hiem. Because the terms of the agreement do not provide for the transfer of the Housemaster stock to Hiern, we must conclude that this claim has been compromised pursuant to the settlement agreement and that Hiern is precluded from asserting it in the instant litigation. Accordingly, we find the trial court correctly maintained the defendant's exception of res judicata.
This assignment of error lacks merit.

ANSWER TO APPEAL
In the defendants' answer to appeal, they contend that the trial court erred in denying their motion for summary judgment and failing to award attorney's fees as provided for in the settlement agreement.
At the outset, we note that although a judgment denying a motion for summary judgment is an interlocutory judgment that is not immediately appealable, see LSA-C.C.P. arts. 968 and 2083, as with other interlocutory rulings, this court has held that the denial of a motion for summary judgment may be reviewed, and such review is not prohibited or proscribed, when an unrestricted appeal is taken from a final judgment. See Johnson v. State, Department of Social Services, XXXX-XXXX (La. App. 1st Cir. 6/9/06), 943 So. 2d 374, 377, writ denied, 2006-2866 (La. 2/2/07), 948 So. 2d 1085; Succession of Bell, XXXX-XXXX (La. App. 1st Cir. 6/8/07), 964 So. 2d 1067, 1071-1072; Dean v. Griffin Crane and Steel, Inc., XXXX-XXXX (La. App. 1st Cir. 5/5/06), 935 So. 2d 186, 189, writ denied, XXXX-XXXX (La. 9/22/06), 937 So. 2d 387.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Fagan v. LeBlanc, 2004-2743 (La. App. 1st Cir. 2/10/06), 928 So. 2d 571, 574. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Sunrise Construction and Development Corporation v. Coast Waterworks, Inc., XXXX-XXXX (La. App. 1st Cir. 6/22/01), 806 So. 2d 1, 3, writ denied, 2001-2577 (La. 1/11/02), 807 So. 2d 235.
On August 28, 2008, the defendants filed a motion for summary judgment contending that because they prevailed on their exception of res judicata and Hiern's claims against them were dismissed, they were entitled to attorney's fees under the specific terms of the settlement agreement.
The pertinent language in the settlement agreement provides as follows:
If any party hereto retains an attorney to enforce the provisions of this Settlement and Mutual Release Agreement, or any part thereof, as a result of the alleged default or breach by any party, or litigation otherwise ensues between the parties hereto concerning any aspect of this Settlement and Mutual Release Agreement, the prevailing party shall be entitled to recover all reasonable attorneys' fees and court costs incurred from the party or parties against whom it prevails.
However, the record herein is devoid of any affidavit, exhibit, or evidence showing the nature, extent or value of any attorney's fees incurred. See THH Properties Limited Partnership v. Hill, 41,038 (La. App. 2nd Cir. 6/2/06) 930 So. 2d 1213, 1221-1222. Moreover, defendants did not proffer any evidence or testimony at the hearing on their motion to show the value of same. Thus, on the record before us, we find no error by the trial in refusing to grant attorney's fees on motion for summary judgment.

CONCLUSION
For the above and foregoing reasons, the November 6, 2008 judgment of the trial court is affirmed. The answer to appeal is denied. Costs of this appeal are assessed against the plaintiff/appellant, Livingston S. Hiern.
AFFIRMED; ANSWER TO APPEAL DENIED.
NOTES
[1] Other real estate mortgage and finance companies owned by Sarpy include Canal Mortgage & Finance Company, Alphonse Mortgage Company, Union Homes, and Union Mortgage Company.
[2] On February 23, 1990, Hiern executed documents transferring ownership of 100 shares of Housemaster stock to Canal Mortgage & Finance Company, Inc. in consideration of Canal Mortgage & Finance Company, Inc. "holding [Hiern] free and harmless of any claims in connection with" certain listed financial obligations and promissory notes payable to Acme Mortgage Company.
[3] The sole request in the defendants' motion for summary judgment was for attorney's fees.
[4] As defined by LSA-C.C. art. 3071:

A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.
[5] Pursuant to the settlement agreement, "The Lawsuit" means "that litigation currently pending in the United States District Court for the Eastern District of Louisiana as Civil Action No. 94-0835, and entitled, `Livingston S. Hiern, et al. v. A. Lester Sarpy, et al.'"