DRAKE, J.
| ¡¿Plaintiff appeals a final judgment of the district court which dismissed the defendant, Dr. Sharon Bass, with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

This case involves a medical malpractice claim arising from injuries sustained by the plaintiff/appellant, Jefferson R. Barril-leaux, following treatment he received in March and April 2009 at Leonard J. Cha-bert Medical Center. Mr. Barrilleaux filed a medical malpractice claim with the Commissioner of Administration in accordance with the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 et seq., naming The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College as owner and operator of LSU Health Sciences Center-Houma d/b/a Leonard J. Chabert Medical Center (“Cha-bert Medical Center”), Dr. Jonathan Allen, Dr. Dayton Daberkow, and Dr. Michael Charlet as defendants. A medical review panel was convened and concluded that there was a deviation from the standard of care by Chabert Medical Center and its employees.
On March 15, 2012, Mr. Barrilleaux filed a second medical malpractice claim, naming Dr. Sharon Bass as a defendant and asserting claims of malpractice arising out of treatment he received by Dr. Bass on April 13, 2009, after his treatment at Cha-bert Medical Center. On June 6, 2013, a medical review panel unanimously concluded that there was no deviation from the standard of care by Dr. Bass.
On March 23, 2012, Mr. Barrilleaux filed a suit for damages, naming as defendants Chabert Medical Center, Dr. Allen, Dr. Daberkow, and Dr. Charlet, making the same allegations against them as presented before the medical review | {¡panel.[1] Following a motion for a partial dismissal filed by Mr. Barrilleaux, the district court dismissed Dr. Allen, Dr. Daberkow, and Dr. Charlet, with Mr. Barrilleaux reserving his right to proceed against Chabert Medical Center.
On October 8, 2013, Mr. Barrilleaux filed his first supplemental and amending petition for damages, adding Dr. Bass as a defendant. In response, on February 28, 2014, Dr. Bass filed a motion for summary judgment to which she attached a statement of undisputed material facts, a memorandum in support, and three exhibits: a *1018 copy of the medical malpractice complaint filed against her; the opinion of the medical review panel; and Mr. Barrilleaux’s response to her requests for admission, in which Mr. Barrilleaux admitted that he had no expert to establish that Dr. Bass deviated from the standard of care in her treatment of him. Dr. Bass requested that the district court grant summary judgment in her favor and dismissal from the suit with prejudice, because Mr. Bar-rilleaux lacked the necessary expert medical testimony to support his malpractice claim against her.
In his memorandum in response to the motion or summary judgment filed by Dr. Bass, Mr. Barrilleaux indicated that he had no opposition to Dr. Bass’s motion for summary judgment. He requested that the district court include a provision which mirrored the language of La. C.C.P. art. 966(G) in its judgment dismissing Dr. Bass, in order to exclude any future allocation of her fault or evidence of her fault at a trial on the merits.
A hearing was held on Dr. Bass’s motion for summary judgment on April 25, 2014, after which the district court granted summary judgment in favor of Dr. Bass and dismissed her with prejudice. Despite Mr. Barrilleaux’s request, and agreement by counsel for Dr. Bass, the district court struck through the La. C.C.P. article 966(G) provision in the judgment, which was signed on April 25, 2014.
|4The plaintiff now appeals the district court’s striking through the provision of the final judgment tracking the language of La. C.C.P. art. 966(G).

STANDARD OF REVIEW

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2).
The motion for summary judgment at issue here arose in the context of a suit for medical malpractice. To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794; Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880, 883-84. Expert testimony is required to establish the applicable standard of care and whether or not that standard was breached, *1019 except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. See Pfiffner v. Correa, 94-0924, 94-0968, 94-0992 (La.10/17/94), 643 So.2d 1228, 1283-84. Where the defendant practices in a particular specialty and the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians within that specialty. Vanner v. Lakewood Quarters Retirement Community, 12-1828 (La.App. 1 Cir. 6/7/13), 120 So.3d 752, 755-56. Thus, to prevail at trial, the plaintiffs would be required to prove, by a preponderance of the evidence, the first essential element of their malpractice claim: the standard of care applicable to Dr. Bass.
An appellate court reviews a trial court’s decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Gamestop, Inc. v. St. Mary Parish Sales & Use Tax Dept., 14-0878 (La.App. 1 Cir. 3/19/15), 166 So.3d 1090, 1094 (unpublished opinion).
In the present case, there are no material issues of fact that are disputed. The sole issue before this court is whether the district court erred in striking through a portion of the final judgment that mirrored the language of La. C.C.P. art. 966(G). The interpretation of a statute is a question of law. Louisiana Workers’ Comp. Corp. v. Landry, 11-1973 (La.App. 1 Cir. 5/2/12), 92 So.3d 1018, 1021, writ denied, 12-1179 (La.9/14/12), 99 So.3d 34. As the reviewing court, because we address only a legal issue, we give no special weight to the findings of the district court. We will conduct a de novo review of questions of law and render judgment on the record. Campbell v. Markel American. Ins. Co., 00-1448 (La.App. 1 Cir. 9/21/01), 822 So.2d 617, 620, writ denied, 01-2813 (La.1/4/02), 805 So.2d 204.

LAW AND DISCUSSION

This matter turns on the interpretation of La. C.C.P. art. 966(G), which provides[2]:
(1) When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or nonparty is not negligent, not at fault, or did not cause, whether in whole or in part, the injury or harm alleged, that party or nonparty shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or nonparty nor shall the issue be submitted to the jury nor included on the jury verdict form. This Paragraph shall not apply when a summary judgment is granted solely on the basis of the successful assertion of an affirmative defense in accordance with Article 1005, except for negligence or fault.
(2) If the provisions of this Paragraph are applicable to the summary judgment, the court shall so specify in the judgment. If the court fails to specify that the provisions of this Paragraph are applicable, then the provisions of this *1020 Paragraph shall not apply to the judgment. [Emphasis added.]
Section (G), formerly designated as Section (F), was added to Article 966 by legislative amendment in 2012. See 2012 La. Acts, No. 257, § 1, effective August 1, 2012. The issue to be resolved is whether the district court legally erred in omitting a portion of the final judgment, which mirrored the language of Article 966(G).
The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. A statute shall be construed to give meaning to the plain language of the statute, and courts may not extend statutes to situations that the ^legislature never intended to be covered. Munden v. State, Div. of Admin., 01-2326 (La.App. 1 Cir. 5/9/03), 849 So.2d 639, 641, writ denied, Munden v. State, Div. of Admin., 03-1532 (La.10/3/03), 855 So.2d 310.
With regard to interpretation of this language, La. R.S. 1:3 provides:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word “shall” is mandatory and the word “may” is permissive. The word “shall” in a statute or ordinance generally denotes a mandatory duty. Sanchez v. Georgia Gulf Corp., 02-1617 (La.App. 1 Cir. 8/13/03), 853 So.2d 697, 704.
If the district court grants summary judgment in favor of a party, that the party is not negligent, at fault, or did not cause the injury or harm alleged, the plain language of La. C.C.P. art. 966(G)(2) requires the district court to “so specify5’ in the judgment. Based on a plain reading of Article 966(G), specifying that a party is not at fault accomplishes the following: prevents the admittance of evidence at trial to establish the fault of that party; prevents that party from being considered in any subsequent allocation of fault; and prevents that party (or issue) from being submitted to the jury or included on a jury verdict form. See La. C.C.P. art. 966(G).
At the hearing on the motion for summary judgment in this matter, the district court granted summary judgment in favor of Dr. Bass and dismissed her from the suit with prejudice. The final judgment proposed by Dr. Bass included the La. C.C.P. art. 966(G) language. The defendant, Chabert Medical Center, objected to the inclusion of the Article 966(G) language in the final judgment, reasoning that the Article 966(G) provision in the judgment could prevent Chabert |sfrom producing an expert or introducing any evidence regarding Dr, Bass’s treatment of Mr. Barrilleaux or any potential negligence or fault of Dr. Bass at a trial on the merits. Chabert submitted a proposed judgment to the district court, seeking to reserve its right to put on evidence of Dr. Bass’s treatment of Mr. Barrilleaux. At the hearing, counsel for Chabert stated:
If [the district court] took a literal view of 966(G) you potentially could — you know, you could have said no, no evidence from Doctor Bass. You know, we’re not saying Doctor Bass is at fault at this point, we just began doing discovery and just took a deposition — or [Plaintiffs counsel] took the deposition. So we are still developing this case, but the language — the language will just re *1021 serve the rights that we can introduce this down the road and not say look, at this point [the district court] [is] ruling that no evidence of a doctor’s appointment, any kind of records from Doctor Bass could come in.”
The district court responded, “[w]ell, of course, I am not ruling that.” The district court did not sign the proposed “reservation of rights” judgment submitted by the defendant, Chabert Medical Center.[3]
Instead, the district court signed a judgment submitted by Mr. Barrilleaux, which included a provision mirroring the language of Article 966(G). Counsel for Dr. Bass agreed with Mr. Barrilleaux’s proposed judgment. The district court, in granting the motion for summary judgment, and in its consideration of Mr. Bar-rilleaux’s request to include Article 966(G) language in the final judgment granting Dr. Bass’s motion for summary judgment, stated:
Okay. Of course, you know, strictly speaking, in connection with this judgment, I am not sure that by granting this Motion for Summary Judgment that I am declaring that [Dr. Bass] is not negligent, not at fault and did not cause the injury or damage, she may have, but you don’t have an expert at this time to say so.
The district court further stated:
I am not declaring that [Dr. Bass] was not at fault, I am just declaring that there is no genuine issue of material fact, but that — you don’t have an expert and can’t prove the standard of care at this time. Maybe Chabert, and I am not sure that it would be appropriate, but | flinaybe they can at trial produce evidence to show that the fault in this case lies with [Dr. Bass].
[[Image here]]
I really don’t think that paragraph is going to be appropriate because I am not making a determination of her fault. I am not declaring that there is any genuine issue of material fact as to her fault. The Motion for Summary Judgment is being granted because there is no proof of her fault. And just because the plaintiff hasn’t produced it doesn’t mean, I think, that Chabert couldn’t produce it.
Ultimately, the district court struck through the provision of the proposed judgment submitted by Mr. Barrilleaux that mirrored the language of Article 966(G).
In this case, the district court clearly stated that in granting summary judgment in favor of Dr. Bass and dismissing her from the suit with prejudice, the district court was not declaring that Dr. Bass was not negligent or not at fault, but was declaring that there was no genuine issue of material fact as to her negligence or fault because Mr. Barrilleaux had not produced an expert to provide expert testimony to establish whether Dr. Bass deviated from the standard of care. Article 966(G) provides that “[w]hen the court grants a motion for summary judgment in accordance” with Article 966, “that a party or nonparty is not negligent, not at fault, or did not cause ... the injury or harm alleged,” the district court “shall so specify in the judgment” to prevent that party from being considered in any subsequent allocation of fault. Because the provisions of Article 966(G) are not applicable to the summary judgment in this matter, the district court is not bound by the mandatory duty of Article 966(G)(2) to “so specify” in the judgment. Therefore, the district court committed no legal error in striking *1022 through the provision of the judgment that mirrored the language of Article 966(G).

\]<)DECREE

Based on the foregoing reasons, the district court’s April 25, 2014 judgment is hereby affirmed. Costs of this appeal are assessed against the plaintiff/appellant, Jefferson R. Barrilleaux.
AFFIRMED.

. Chabert Medical Center stipulated that all treatment performed on Mr. Barrilleaux by the defendants Dr. Allen, Dr. Daberkow, and Dr. Charlet was performed by them while in the course and scope of their employment with Chabert Medical Center.

. The summary judgment in this case was signed on April 25, 2014; thus, it is governed by the version of La. C.C.P. art. 966 in effect after its amendment by 2013 La. Acts, No. 391, § 1, effective August 1, 2013. See Ciolino v. First Guaranty Bank, 12-2079 (La.App. 1 Cir. 10/30/13), 133 So.3d 686, 690 n. 3. Changes implemented by a subsequent amendment to Article 966 are not implicated in this appeal. See 2014 La. Acts, No. 187, § 1, effective August 1, 2014; see also Smith v. Northshore Regl. Med. Ctr., Inc., 14-0628 (La.App. 1 Cir. 1/26/15), 170 So.3d 173, 176, n. 3, 2015 WL 315866, at n. 3 (unpublished opinion).

. Counsel for Chabert Medical Center proffered the unsigned, proposed judgment.