STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 1222

DICHELE WHITE AND JULIAN WHITE

VERSUS

LAMMICO, OUR LADY OF THE LAKE HOSPITAL, INC.,
d/b/a OUR LADY OF THE LAKE REGIONAL MEDICAL CENTER,
MICHAEL L. BRUCE, M.D., and KEVIN J. DEAN, M.D.

Judgment Rendered: **APR 0 8 2022**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Trial Court No. 690357

The Honorable Timothy E. Kelley, Judge Presiding

* * * * *

Steve C. Thompson
James F. d'Entremont
Baton Rouge, Louisiana

Attorneys for Plaintiffs-Appellants,
Dichelle White and Julian White


Vance A. Gibbs
Randal R. Cangelosi
Jason R. Cashio
Karen Fontana
Christopher J. Matulis
Baton Rouge, Louisiana

Attorneys for Defendants-Appellees,
Dr. Michael L. Bruce and Louisiana
Medical Mutual Insurance Company


Jeff Landry, Attorney General
Guice A. Giambrone, III
Richard E. Gruner, Jr.
Assistant Attorneys General
Metairie, Louisiana

Attorneys for Defendant-Appellee,
Dr. Jeffrey P. Cunniff

* * * * *

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**WOLFE, J.**

In this medical malpractice action, plaintiffs, Dichele and Julian White, appeal a judgment of the Nineteenth Judicial District Court granting a motion for summary judgment filed by one of the defendant doctors, Jeffery P. Cunniff, M.D. For the following reasons, we affirm in part and vacate in part.

## FACTS AND PROCEDURAL HISTORY

Doris White died on February 2, 2016, while a patient at Our Lady of the Lake Regional Medical Center ("OLOL") in Baton Rouge, Louisiana. At the time of her death, Doris was widowed and she had two surviving adult children, Dichele and Julian. The relevant facts are primarily gleaned from the medical review panel complaint filed by Dichele and Julian, where they sought review of the medical treatment that their mother received.

Doris went to the emergency department at OLOL shortly after 1:00 p.m. on the afternoon of February 1, 2016. She had been suffering with abdominal pain, nausea, and vomiting for 2-3 days. After nursing triage, Dr. Jeffrey Cunniff, an emergency medicine resident, evaluated Doris. Dr. Cunniff was under the direct supervision of Dr. James Rhorer. Initially, Dr. Cunniff ordered abdominal x-rays, bloodwork, intravenous fluids and medications for nausea and pain. When Dr. Cunniff received the results of the tests and x-rays, he ordered inpatient admission for Doris to allow observation and further management/evaluation for suspected acute pancreatitis, dehydration, nausea, vomiting, constipation, and an enlarged hiatal hernia. Dr. Cunniff also ordered a "STAT" CT scan of Doris's abdomen and pelvis at approximately 5:45 p.m. Dr. Cunniff's supervisor, Dr. Rhorer, examined Doris and agreed with the course of treatment. A consult was made with the hospital medical service at OLOL, so that Doris could be admitted to the hospital. Dr. Rhorer was listed as Doris's referring physician.

2

The CT scan ordered by Dr. Cunniff did not take place until 4 hours later at 9:57 p.m. Radiologist, Dr. Michael L. Bruce, interpreted Doris's CT scan, his findings were transcribed, and he signed his report at 11:22 p.m. Dr. Bruce found that Doris had a large paraesophageal hernia with gastric volvulus, which plaintiffs allege is a medical emergency, but his report was not promptly communicated to Doris's admitting physician, Dr. Kevin J. Dean. At 2:45 a.m., a nurse checking on Doris in her hospital room found Doris unresponsive. Doris could not be resuscitated, and she was pronounced dead at 3:08 a.m. on February 2, 2016. OLOL records and Dr. Dean's notes indicate that Doris's cause of death was a partial bowel obstruction secondary to volvulus of the stomach.

On November 7, 2019, Dichelle and Julian filed a medical malpractice suit against OLOL, Dr. Bruce, Dr. Dean, and the doctors' liability insurer, Louisiana Medical Mutual Insurance Company ("LAMMICO"). In an amended petition filed on December 6, 2019, plaintiffs added more physicians involved with Doris's care, including Drs. Cunniff and Rhorer, alleging multiple breaches of various standards of care that resulted in Doris's suffering and wrongful death. Prior to filing this lawsuit, Doris's case proceeded to a medical review panel. On August 7, 2019, the panel unanimously found that the evidence did not support the conclusion that Dr. Cunniff and his supervisor, Dr. Rhorer, failed to meet the applicable standard of care as charged in the medical review panel complaint.[1]

As to Dr. Cunniff, the medical review panel specifically stated:

> The **evidence does not support the conclusion that Dr. Jeffrey P. Cunniff failed to meet the applicable standard of care** as charged by the claimants. [Emphasis added.]

---

[1] The medical review panel also found that Dr. Christopher S. Turner, Dr. Bradley L. Meek, and RN Kayla Hardy, did not fail to meet the applicable standards of care as charged by the plaintiffs. However, as for OLOL, Dr. Bruce, and Dr. Dean, the panel unanimously found the evidence supported the conclusion that those defendants failed to meet the applicable standards of care as charged.

**Reasons:**

The panel does not believe Dr. Cunniff is liable because he was a resident at the time and was in training under Dr. Rhorer. The resident was operating under the direct supervision of Dr. Rhorer and therefore was not directly responsible for the care of the patient.

As to Dr. Rhorer, the panel specifically stated:

The evidence does not support the conclusion that Dr. James M. Rhorer failed to meet the applicable standard of care as charged by the claimants.

**Reasons:**

Based on the evidence presented, Dr. Rhorer performed the proper examination and investigation in the emergency room. It was proper to admit the patient prior to obtaining the results of the CT scan based on examination findings in the record.

On November 10, 2020, Dr. Cunniff filed a motion for summary judgment. Dr. Cunniff argued that plaintiffs failed to produce the required expert opinion evidence to support their claims that he had breached the standard of care by improperly diagnosing and treating Doris, which resulted in her death.[2] Dr. Cunniff supported his motion with a copy of the medical review panel complaint filed by plaintiffs, and an affidavit of the attorney chairperson for the medical review panel along with an attached copy of the panel's opinion. Plaintiffs did not oppose Dr. Cunniff's motion. However, Dr. Bruce and his insurer, LAMMICO, filed an opposition to Dr. Cunniff's motion for the limited purpose of opposing any application of La. Code Civ. P. art. 966(G) so that Dr. Bruce and LAMMICO could argue at trial that Dr. Cunniff was at fault even though he is no longer a defendant in the case. Notably, Dr. Bruce's and LAMMICO's opposition did not include any evidence of Dr. Cunniff's fault or negligence.

---

[2] Dr. Rhorer also filed a motion for summary judgment, making the same arguments that plaintiffs had failed to present expert testimony to support their medical malpractice claim. However, the only summary judgment we are reviewing in this appeal concerns Dr. Cunniff's motion.

4

On April 16, 2021, the district court granted summary judgment in favor of Dr. Cunniff, dismissing all of plaintiffs' claims against him with prejudice, because the plaintiffs did not oppose his motion and they lacked the necessary expert medical testimony to support their malpractice claim against him. Additionally, the judgment specifically stated that summary judgment was granted without application of La. Code Civ. P. art. 966(G), since there was no finding that Dr. Cunniff had "no fault." Plaintiffs appeal, primarily arguing that the district court erred in refusing to apply La. Code Civ. P. art. 966(G) when it granted summary judgment in favor of Dr. Cunniff based solely on the lack of evidence that he was negligent or at fault for causing the alleged damages.

## LAW AND ANALYSIS

A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. **Schultz v. Guoth**, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1005-1006. To establish a claim for medical malpractice, the plaintiffs must prove the following by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) the defendant breached that standard of care; and (3) there was a causal connection between the breach and the resulting injury. See La. R.S. 9:2794; **Schultz**, 57 So.3d at 1006.

In the context of medical malpractice, the burden of proof for a motion for summary judgment does not require that the medical care provider disprove medical malpractice, but only that the medical care provider point to the absence of factual support for one or more elements essential to the plaintiffs' claim. La. Code Civ. P. art. 966(D)(1); See **Turner v. Rabalais**, 2017-0741 (La. App. 1st Cir. 12/21/17), 240 So.3d 251, 256, writ denied, 2018-0123 (La. 3/9/18), 237 So.3d 1193; **Samaha**

5

**v. Rau**, 2007-1726 (La. 2/26/08), 977 So.2d 880, 887 (interpreting former summary judgment law). Once the medical care provider points out this absence of support, the burden shifts to the plaintiffs to present evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

It is well established that to meet the burden of proof in a medical malpractice action, the plaintiff is generally required to produce expert medical testimony as a matter of law. **Fagan v. LeBlanc**, 2004-2743 (La. App. 1st Cir. 2/10/06), 928 So.2d 571, 575. The jurisprudence recognizes an exception to the requirement of expert testimony where the claim arises out of an obviously careless act from which a lay person can infer negligence. **Pfiffner v. Correa**, 94-0924 (La. 10/17/94), 643 So.2d 1228, 1233-1234. The alleged negligence in this matter is that Dr. Cunniff failed to recognize and/or appropriately rule out potentially life-threatening conditions before referring Doris for inpatient observation and care. The alleged negligence is not something that would constitute obvious carelessness by Dr. Cunniff that could have caused Doris's death almost twelve hours later; thus, expert medical testimony is necessary in this instance. Plaintiffs have not identified specific experts to support their claims against Dr. Cunniff. In fact, plaintiffs did not offer any opposition to Dr. Cunniff's motion for summary judgment. Accordingly, plaintiffs cannot prove the necessary elements of their medical malpractice claim against Dr. Cunniff, because they do not have factual support sufficient to prove the applicable standard of care or deviation from the applicable standard of care. Therefore, we find that the district court properly granted Dr. Cunniff's motion for summary judgment.

Dr. Bruce and his liability insurer, LAMMICO, filed an opposition to Dr. Cunniff's motion for summary judgment, for the limited purpose of requesting that the district court not apply La. Code Civ. P. art. 966(G) so that the fault of Dr. Cunniff could be considered at a future trial on the merits. However, Dr. Bruce and

LAMMICO's opposition also lacked any offer of expert medical testimony showing that Dr. Cunniff was at fault for Doris's death. Nevertheless, the district court specifically noted in the judgment that Article 966(G) was not applied in the summary judgment granted in Dr. Cunniff's favor. Plaintiffs urge this court to overturn that portion of the summary judgment.

Louisiana Code of Civil Procedure article 966(G) provides as follows:

> **When the court grants a motion for summary judgment** in accordance with the provisions of this Article, **that a party** or non-party **is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, that party** or non-party **shall not be considered in any subsequent allocation of fault**. Evidence shall not be admitted at trial to establish the fault of that party or non-party. During the course of the trial, no party or person shall refer directly or indirectly to any such fault, nor shall that party or non-party's fault be submitted to the jury or included on the jury verdict form. [Emphasis added.]

This paragraph was new to Article 966 when it was amended by La. Acts 2015, No. 422, § 1, effective January 1, 2016. See La. Code Civ. P. art. 966, Official Revision Comments (m) – 2015. However, the new provision adopted the rule from the former Article 966(G)(1) that if a person is found in a summary judgment not to be negligent, not at fault, or not to have caused the injury or harm, then that person cannot be considered in any subsequent allocation of fault. **Id.**

There is no material issue of fact that is disputed in this matter. The sole issue is whether the district court erred by inserting language in the judgment granting summary judgment in favor of Dr. Cunniff, "but without application of [La. Code Civ. P. art. 966(G)]." This issue requires an interpretation of the statute, which is a question of law. **Barrilleaux v. Board of Sup'rs of Louisiana State University**, 2014-1173 (La. App. 1st Cir. 4/24/15), 170 So.3d 1015, 1019, writ denied, 2015-1019 (La. 9/11/15), 176 So.3d 1048. When an appellate court addresses a legal issue, it gives no special weight to the findings of the district court. We conduct a *de novo* review of questions of law and render judgment on the record. **Id.**

7

The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. La. R.S. 1:4; La. Civ. Code art. 9; **Barrilleaux**, 170 So.3d at 1020. A statute shall be construed to give meaning to the plain language of the statute, and courts may not extend statutes to situations that the legislature never intended to be covered. **Id**. The word "shall" in a statute generally denotes a mandatory duty. La. R.S. 1:3; **Barrilleaux**, 170 So.3d at 1020. Thus, if the district court grants summary judgment in favor of a party, finding that the party is not negligent, at fault, or did not cause the injury or harm alleged, the plain language of Article 966(G) mandates that the party "shall not be considered in any subsequent allocation of fault." It is not necessary for the district court to specifically state in the judgment on the motion that the party is not to be part of any allocation of fault at trial for this rule to apply. See La. Code Civ. P. art. 966, Official Revision Comments (m) – 2015.

At the hearing on the motion for summary judgment, the district court granted summary judgment in favor of Dr. Cunniff, strictly because plaintiffs did not oppose the summary judgment and did not offer any expert medical testimony to prove that Dr. Cunniff was at fault or negligent. After hearing argument of counsel, the district court stated, "[This] is the unusual circumstance where . . . a panel opinion . . . does not expressly say that [Dr. Cunniff] did not breach the standard. It does not say that here. So even though his supervisor did not breach the standard, it does not mean [Dr. Cunniff] might not have." The district court focused on the language of the medical review panel stating, "[t]he panel does not believe Dr. Cunniff is liable because he was a resident at the time and was in training under Dr. Rhorer ... and therefore was not directly responsible for the care of the patient." Our *de novo*

review reveals, however, that in the paragraph immediately before the above quoted language, the medical review panel stated that "the evidence did not support the conclusion that Dr. Cunniff failed to meet the applicable standard of care" in this case. It is apparent that the district court did not consider the full statement of the medical review panel.

We find nothing in the record to counter or rebut the medical review panel's unanimous conclusion that Dr. Cunniff did not breach the applicable standard of care. Absolutely no party produced any evidence of Dr. Cunniff's fault in response to his motion for summary judgment. Even Dr. Bruce and LAMMICO failed to rebut the medical review panel's conclusion when they opposed Dr. Cunniff's motion for summary judgment.[3] Dr. Bruce's and LAMMICO's unsupported speculation and conclusory allegations that Dr. Cunniff *may* have negligently cared for Doris while she was in the emergency room do not create a genuine issue of material fact. The time to provide affirmative evidence of Dr. Cunniff's fault or negligence was at the time of the oppositions filed in response to Dr. Cunniff's motion for summary judgment. Thus, we find that the district court erred in not applying the provisions of Article 966(G) in this case. The liability of a party in whose favor summary judgment is granted cannot be considered at a later trial on the merits. See **Lapuyade v. Rawbar, Inc.**, 2018-474 (La. App. 5th Cir. 12/27/18), 263 So.3d 508, 514, writ denied, 2019-0315 (La. 4/15/19), 267 So.3d 1126. The summary judgment granted in favor of Dr. Cunniff equates to a finding that he is free from fault in this case, and La. Code Civ. P. art. 966(G) prohibits any evidence to be admitted at trial that would attempt to establish the fault of Dr. Cunniff.

---

[3] We find this case to be distinguishable from the basic facts and procedural history of **Barrilleaux**, 170 So.3d at 1017-1018, because in that case none of the doctor's co-defendants opposed the doctor's motion for summary judgment as was done in the case *sub judice*.

9

## CONCLUSION

Based on the stated reasons, the district court did not err in granting summary judgment in favor of Dr. Jeffrey Cunniff and dismissing Dichelle and Julian White's claims against him. Thus, we affirm that part of the April 16, 2021 judgment. Additionally, we vacate the part of the judgment that refuses to apply La. Code Civ. P. art. 966(G). Costs of this appeal are assessed evenly between defendants/appellees, Dr. Michael L. Bruce and Louisiana Medical Mutual Insurance Company, and plaintiffs/appellants, Dichelle White and Julian White.

**AFFIRMED IN PART AND VACATED IN PART.**